ORIGINAL

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6816
Facsimile: (415) 436-6748
email:     stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR FORFEITURE** |
| $75,511 IN UNITED STATES CURRENCY, | |
| Defendant. | |

In this *in rem* forfeiture action, brought in accordance with Supplemental Rule G(2) of the

Federal Rules of Civil Procedure, the United States alleges:

**NATURE OF ACTION**

1.      This is an action which seeks to forfeit $75,511 in United States currency.

Defendant $75,511 in United States currency is subject to forfeiture pursuant to Title 21, United

States Code, Section 881(a)(6) because it constitutes money furnished or intended to be furnished

in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds of

said exchanges, and money used or intended to be used to facilitate a violation of the Controlled

**COMPLAINT FOR FORFEITURE**

*1*

1 | Substances Act.

2 | **PARTIES**

3 |     2.     Plaintiff is the United States of America.

4 |     3.     Defendant is $75,511 in United States currency (hereinafter "Defendant Funds")

5 | seized pursuant to a duly authorized search warrant executed 38587 Kirk Terrace, Fremont,

6 | California on March 1, 2007.

7 | **JURISDICTION**

8 |     4.     This Court has jurisdiction over an action commenced by the United States under

9 | Title 28, United States Code, Sections 1345, and over a forfeiture action under Title 28, United

10 | States Code, Section 1355(a). This Court has *in rem* jurisdiction over the defendant funds

11 | pursuant Title 28, United States Code, Section 1355(b).

12 | **VENUE**

13 |     5.     Venue lies in the Northern District of California pursuant to Title 28, United

14 | States Code, Sections 1355(b) and 1395(a) and (b), as the acts giving rise to this <u>in rem</u> action

15 | occurred in this district and the *in rem* defendant property is located in this district within the

16 | custody of the United States Marshals Service.

17 | **INTRADISTRICT ASSIGNMENT**

18 |     6.     This matter arises in the county of Alameda because a substantial part of the

19 | events which give rise to plaintiff's claims occurred in that county. Assignment in either San

20 | Francisco or Oakland would be proper.

21 | **FACTS**

22 |     7.     Plaintiff incorporates by reference the allegations of paragraphs one through six as

23 | though fully set forth herein.

24 |     8.     Between February 1 and March 1, 2007, the Pleasanton Police Department

25 | received information from a reliable confidential informant that an individual identified as

26 | Manuel Cabrera Gutierrez (aka Manuel Cabrera) sells methamphetamine and resides in Fremont,

27 | California. According to the informant, Gutierrez sells a lot of methamphetamine to various

28 | persons. The informant has observed Gutierrez sell methamphetamine to others within the past

**COMPLAINT FOR FORFEITURE**

1   two years.

2          9.     In February 2007, the Pleasanton Police Department arranged for a controlled

3   purchase of methamphetamine from Gutierrez utilizing the reliable confidential informant.   On

4   the date of the controlled purchase (which occurred during February 2007), the informant met

5   with Gutierrez at a location in Fremont, California to purchase methamphetamine.  Prior to the

6   informant's meeting with Gutierrez, the informant and his/her vehicle were searched by law

7   enforcement officers for illegal drugs.  No drugs were found.  The police officers then provided

8   the informant with $200 in pre-marked/recorded bills to purchase methamphetamine from

9   Gutierrez.  The informant then entered his/her vehicle and departed for the meeting with

10   Gutierrez.  A mobile surveillance unit followed the informant and observed the informant's

11   meeting with Gutierrez.  When the informant arrived at the location to meet with Gutierrez, the

12   informant got out of his/her vehicle and entered Gutierrez's vehicle.  Officers observed the

13   informant and Gutierrez having a conversation in the vehicle, and after approximately one

14   minute, the informant exited Gutierrez's vehicle.  The informant then returned to his/her vehicle

15   and departed the area.

16          10.     Following the meeting with Gutierrez, the informant returned to a predetermined

17   location to meet with law enforcement officers.  At that location, the informant provided the

18   officers with a plastic baggie containing an off white crystalline substance (later identified as

19   methamphetamine) which he purchased from Gutierrez that day.  In exchange for the

20   methamphetamine, the informant provided Gutierrez with the $200 in pre-marked/recorded bills.

21          11.     On February 27, 2007, law enforcement officers sought and obtained a search

22   warrant for 38587 Kirk Terrace, Fremont, California, the residence of Gutierrez and Rosa

23   Villalon Garnica.   The warrant was executed on March 1, 2007.  During the search of the master

24   bedroom, law enforcement officers located and seized the defendant funds.  The defendant funds

25   were located with the assistance of K-9 Benny, a drug dog certified in the detection of heroin,

26   methamphetamine, cocaine, hashish and marijuana.  K-9 Benny has participated in more than

27   150 narcotics searches and in the recovery of more than 88,000 grams of illicit narcotics.  During

28   the search of the upstairs master bedroom, K-9 Benny alerted to various locations in the room,

COMPLAINT FOR FORFEITURE

1    including the overhead shelf at the rear of the walk-in closet and the upper wall and ceiling area

2    in the corner adjacent to the dresser drawer, and above the child's bed. In each of these areas,

3    money was recovered as follows: $60,000, consisting of $100 bills bundled in various stacks

4    with rubber bands wrapped in a white tank top shirt, was found on the top shelf in the walk-in

5    closet; $14,100, consisting of bills in various denominations ($100, $50, $20), bundled with a

6    rubber band, was found on the dresser next to the child's bed. Additionally, officers found

7    $1,320 in cash in a black jacket hanging in the walk-in closet, and $191 in cash in check box on

8    the top of the dresser.

9       12.    K-9 Benny was removed from the bedroom. Thereafter, the $60,000 found in the

10   walk-in closet and the $14,100 found on the dresser were placed in a shoebox on the floor next to

11   the bed. K-9 Benny alerted on the shoebox which indicated that the money had been recently in

12   the close proximity to narcotics.

13      13.    The total amount of money found was $75,611, however, when the officers

14   examined the bills at the police department, they discovered that one of the hundred dollar bills

15   found at Gutierrez' residence was one of the pre-marked/recorded bills that was provided to the

16   informant for the purchase of methamphetamine from Gutierrez. Thus, the defendant funds

17   consist of the non pre-marked/recorded bills found at Gutierrez' residence.

18      14.    Gutierrez and Garnica were interviewed following the discovery of the defendant

19   funds at their residence. Gutierrez stated that he was uncertain how much of that money was

20   drug proceeds. He claimed that he buys and sells cars from an auction. Gutierrez admitted that

21   he has never paid taxes on his income and has not worked anywhere else. Gutierrez admitted

22   that he was illegally residing in the United States and was previously deported in 1998. The

23   California Employment Development Department has no records of employment for Gutierrez.

24      15.    Garnica claimed that $10,000 of the seized funds. She stated that she has worked

25   for the past seven years at two fast food restaurants for minimum wage. She has a bank account

26   at Wells Fargo Bank which was evidenced by the bank statement and deposit slip found at the

27   residence.

28      16.    In 1998, Gutierrez was charged and convicted in Alameda County of transporting

**COMPLAINT FOR FORFEITURE**

*4*

1  a controlled substance with the intent to sell.  The police report reflects that during that at his

2  arrest, Gutierrez was in possession of baggy containing approximately 250 grams of cocaine.

3                        **CLAIM FOR RELIEF**

4                        **21 U.S.C. § 881(a)(6)**

5                        **(forfeiture of drug proceeds)**

6      17.          Plaintiff incorporates by reference the allegations of paragraphs one

7  through 15 as though fully set forth.

8      18.          Title 21, United States Code, Section 881(a)(6) provides, in part, for the

9  forfeiture of all monies or other things of value furnished or intended to be furnished to be

10 furnished by any person in exchange for a controlled substance, all proceeds traceable to such an

11 exchange, and all monies used or intended to be used to facilitate the distribution and possession

12 with the intent to distribute a controlled substance., including violations of Title 21, United

13 States Code, Sections 841 and 846.

14     19.          In light of the foregoing, and considering the totality of the circumstances,

15 there is probable cause to believe that the defendant currency represents moneys furnished or

16 intended to be furnished to another person in exchange for a controlled substance, constitutes

17 proceeds derived from such an exchange, and was used or intended to be used to facilitate an

18 offense, in violation of Title 21, United States Code, Section 841(a), and thus subject to

19 forfeiture under Title 21, United States Code, Section 881(a)(6).

20

21

22

23

24

25

26

27  //

28  //

**COMPLAINT FOR FORFEITURE**

5

1

**PRAYER FOR RELIEF**

2

20.    Plaintiff prays that due process issue to enforce the forfeiture of the defendant

3

funds, that due notice be given to all interested parties to appear and show cause why the

4

5

forfeiture should not be decreed, that judgment of forfeiture be entered against the defendant

6

currency, and that plaintiff be awarded such other relief as may be proper and just.

7

8

Respectfully submitted,

9

SCOTT N. SCHOOLS
United States Attorney

10

11

12

Dated: December 14, 2007

STEPHANIE HINDS
Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR FORFEITURE**

6

1

2                                          **VERIFICATION**

3   I, BRIAN KEENAN states as follows:

4          1. I am a Special Agent for the Drug Enforcement Administration. I am familiar

5   with the facts in the investigation leading to the filing of this Complaint for Forfeiture.

6          2. I have read the Complaint for Forfeiture and based upon review of relevant
7
8   investigative reports, review of documentary evidence, discussions with other persons involved in

9   the investigation and participation in the investigation, I believe that the allegations contained

10  therein are true.

11         I declare under penalty of perjury that the foregoing is true and correct to the best of my
12
13  knowledge.

14        Executed this 14 day of December, 2007, in Oakland, California.

15

16

17

18                                         BRIAN KEENAN
19                                         Drug Enforcement Administration

20

21

22

23

24

25

26

27

28

    **COMPLAINT FOR FORFEITURE**

                                                                                                      7