JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
Fax: (415) 436-6748
E-mail: david.countryman@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$75,511 IN UNITED STATES CURRENCY,<br><br>    Defendant. | No. C 07-06353 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 12, 2008<br>Time: 4:00 pm.<br>Place: Honorable Bernard Zimmerman, 15th Floor |

  Pursuant to FRCP 26(f) and Local Rule 16-9, Plaintiff, United States of America and claimant Manuel Cabrerra (hereinafter "Claimant"), respectfully submit this Joint Case Management Statement.

**1. Jurisdiction and Service**

  Plaintiff contends that this Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355, Title 21, United States Code, Section 881. Claimant denies this contention.

  The Parties agree that all persons known to have an interest in the defendant property have been served. Claimant has filed an answer.

**2. Facts**

This is a forfeiture case. The government commenced this action with the filing of a civil forfeiture complaint on December 14, 2007. The defendant currency was seized by the Pleasanton Police Department from 38587 Kirk Terrace, Fremont, CA, following the execution of a search warrant. In its complaint, the government alleges that the defendant currency was furnished or intended to be furnished to another person in exchange for a controlled substance, constitutes proceeds derived from such an exchange, and was used or intended to be used to facilitate a drug trafficking offense, and it is thus forfeitable under Title 21, United States Code, Section 881(a)(6). Claimant denies that the defendant currency is subject to forfeiture.

**3. Legal Issues**

The parties agree that the principal factual and legal issues in dispute are: (1) whether Claimant can establish that he is an innocent owner of the defendant currency; (2) whether the government can establish by a preponderance of the evidence that defendant currency is forfeitable; (3) whether the federal court may exercise jurisdiction over the Defendant $75,511; (4) the reliability and validity of the search warrant for 38587 Kirk Terrace, Fremont California, executed on March 1, 2007; and (5) the legality of the seizure of the $75,511 from 38587 Kirk Terrace, Fremont California.

**4. Motions**

The government may file a motion for summary judgment following the close of discovery.

**5. Amendment of Pleadings**

At this time, the parties do not anticipate filing any amended pleadings.

**6. Disclosures**

This is an *in rem* forfeiture case and is exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(1)(B)(ii).

**7. Discovery**

//

The parties have not engaged in any discovery at ths time. The parties suggest another case management conference would be appropriate in four to six months.

**8. Class Action**

This is not a class action.

**9. Related Case**

The parties are not aware of any related cases at this time.

**10. Relief/Damages**

The government seeks a judgment of forfeiture of the defendant property. Claimant seeks return of the defendant property. This is not a damages case.

**11. Settlement and ADR**

The parties agree that, at this juncture, it is premature to predict the likelihood of settlement, and ADR would be of more use at a later stage after initial discovery responses have been obtained.

**12. Consent to Magistrate Judge for All Purposes**

The parties consent to a Magistrate Judge in this action.

**134. Narrowing of Issues**

At this juncture, it is premature to narrow the issues which the parties anticipate will be narrowed through the discovery process.

**14. Scheduling**

The parties suggest another case management conference would be appropriate in four to six months rather than scheduling discovery, pretrial and trial.

//

//

//

//

//

15. **Trial**

The parties have not demanded a jury trial.

Dated: 5/5/08

Respectfully submitted,

[signature]

AUSTIN M. THOMPSON
Attorney for Claimant
MANUEL CABRERRA

Dated: 5/5/08

JOSEPH P. RUSSONIELLO
United States Attorney

[signature]

DAVID B. COUNTRYMAN
Assistant United States Attorney

UNITED STATES' CASE MANAGEMENT STATEMENT
C 07-05353 BZ

4